UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATH TYLER WISDOM, | No. 2:15-cv-0218 AC P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| BUREAU OF PRISONS, et al. | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se with a complaint challenging his custody classification with the Bureau of Prisons (BOP). He alleges that the BOP erroneously increased his score for a history of violence – a factor statutorily included in calculating custody classifications – by 3 points and that he should have a total custody score of 18 instead of 21. Plaintiff asks the court to order BOP to lower his total custody score to 18, an action that presumably would open more desirable security housing assignments within the federal prison system. (Complaint (ECF No. 1) at 12.)

The complaint invokes this court's jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702. The latter statute, a section of the Administrative Procedure Act (APA), authorizes judicial review of a complaint filed by a plaintiff who allegedly "suffer[ed] a legal wrong" or has been "adversely affected or aggrieved" by federal agency action. The plaintiff has consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c).

1

I. <u>Screening standards</u>

The court is required to screen all actions brought by prisoners who seek any form of relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

II. Screening analysis

The court has "an independent obligation to address sua sponte whether it has subject-matter jurisdiction." U.S. v. Southern California Edison Co., 300 F.Supp.2d 964, 972 (E.D.Cal.2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  In this case, when plaintiff asks this court to order BOP to change his custody classification under the APA or any other federal statute, he asks the court to do something it has no jurisdiction to do.

Although 5 U.S.C. § 702 does generally allow for judicial review of a federal agency decision that "adversely affects" a person who challenges that decision,[1] "Congress specified in 18 U.S.C. § 3625, entitled Inapplicability of Administrative Procedure Act, that '[t]he provisions of sections … 701 through 706 of [the APA] do not apply to the making of any determination, decision or under [18 U.S.C. §§ 3621-3625].'"  Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir.2011) (quoting 18 U.S.C. § 3625).  The statutes that Congress expressly excepted from the APA – §§ 3621 through 3625 – define the BOP's authority and discretion to make custody decisions, including custody classifications of individual inmates.  Of particular relevance to this action is § 3621(b)(3), which enumerates a prisoner's "history and characteristics" as a factor for the BOP to consider in assigning him to a certain facility.  See Miller v. Federal Bureau of Prisons, 703 F.Supp.2d 8, 16 (D.D.C.2010) ("An inmate's [history of violence] score is one of the components used to calculate  his custody classification, and therefore, it may affect his place of imprisonment.")

As another district court has explained, § 3625 "expressly strips this court of jurisdiction to review certain decisions made by BOP officials.… It is well settled that this exclusion applies to cases in which federal inmates are challenging their security classifications and facility designations." Brown v. Holder, 770 F.Supp.2d 363, 365 (D.D.C. 2011) (collecting cases).  That same court has also stated, in a case squarely on point with this one, that a federal inmate "has no right of action under the APA arising from the recalculation of his [history of violence] score

---

[1] Authorizing federal judicial review is not necessarily the same as conferring federal jurisdiction.  In fact, the Supreme Court has held that "the better view is that the APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions." Califano v. Sanders, 430 U.S. 99, 105 (1977).

because BOP decisions involving custody classification … are expressly exempt by statute from judicial review under the APA." Miller, 703 F.Supp.2d at 16 (citing 18 U.S.C. § 3625). These authorities make it clear that the APA is not an open avenue for this court to review the BOP's custody classification decisions. Therefore the court does not have jurisdiction to hear plaintiff's claim.

Although this court has discretion, in some circumstances, to construe a pro se complaint filed under one statute as an action proceeding under another, or to allow a pro se plaintiff an opportunity to amend his complaint to aver the necessary legal elements of a potentially viable claim, in this case the court does not have that option: the futility of any viable cause of action, based on these allegations, is complete under the jurisdiction-stripping effect of 18 U.S.C. § 3625. No habeas action can lie here because "[t]o find that prisoners can bring habeas petitions … to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." Reeb, 636 F.3d at 1227. Nor can plaintiff assert any civil rights claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), because under the BOP's virtually unlimited authority[2] to control prisoner classifications and housing assignments, an inmate "has no legitimate statutory or constitutional entitlement sufficient to invoke due process" and thereby contest "prisoner classification … in the federal system." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). See also Miller, 703 F.Supp.2d at 16 (stating "it is settled law that a prisoner does not have a liberty interest in his place of confinement or custody classification that can be redressed by the due process clause of the constitution"); Medina-Alvarez v. United States, No. CV 13-0783 ODW (JC), 2013 WL 799620 at *2 (C.D.Cal. March 4, 2013) (stating that "[t]he exemption of the BOP's individualized housing determinations from judicial review is consistent with the

////

---

[2] "[J]udicial review remains available for allegations that BOP action is contrary to established federal law, violates the Unites States Constitution, or exceeds its statutory authority[.]" Reeb, 636 F.3d at 1228. In cases such as this one, however, in which the inmate alleges simply that BOP erred or was not justified in assigning him a particular classification score, none of those exceptions applies.

1  recognition that inmates do not have a due process liberty interest in their placement and
2  classification while incarcerated").
3     In sum, Congress has foreclosed this court's authority to hear plaintiff's challenge to his
4  custody classification with the BOP.[3]  Because it lacks jurisdiction to adjudicate plaintiff's claim,
5  the court must dismiss it without leave to amend.
6     Accordingly, IT IS HEREBY ORDERED that this case is dismissed for lack of subject
7  matter jurisdiction, and this case is closed.
8  DATED: January 8, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] The cases plaintiff cites in paragraph 9 of his memorandum of law and authorities are distinguishable and do not contradict the broad jurisdictional exception for BOP decisions that 18 U.S.C. § 3265 has carved out of the APA.  (See ECF No. 1 at 11.)  Those cases review or explain sentences rendered by a federal district court upon a judgment of guilt in a criminal case.  Simply put, a district court imposes sentences, while the BOP carries them out.  Here, plaintiff does not contest the length of his sentence; rather he contests the BOP's execution of his sentence via its classification of his custody status – a decision clearly outside this court's limited jurisdiction.