UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATH TYLER WISDOM, | No. 2:15-cv-0218 AC P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

Plaintiff, a federal prisoner proceeding pro se, initiated this civil action on January 26, 2015, challenging his custody classification with the Bureau of Prisons ("BOP"). Plaintiff's complaint was premised on an allegedly erroneous 3-point increase in his score for a history of violence. By way of relief, plaintiff sought an order directing the BOP to lower his total custody score from 21 to 18, an action that would presumably open more desirable housing assignments within the federal prison system.

On January 8, 2016, the undersigned[1] dismissed this action without leave to amend for lack of subject matter jurisdiction. (ECF No. 10.) In the order of dismissal, the court held that while 5 U.S.C. § 702 generally allows for judicial review of a federal agency decision, the decision at issue in this case—a prisoner's security classification and facility designation—is

---

[1] Plaintiff consented to the jurisdiction of the magistrate judge under 28 U.S.C. §636(b). (ECF No. 5.)

1

specifically excluded from review pursuant to 18 U.S.C. § 3625.  In determining that plaintiff's complaint filed under 5 U.S.C. § 702 cannot state a claim under another statute, the court held as follows:

> Although this court has discretion, in some circumstances, to construe a pro se complaint filed under one statute as an action proceeding under another, or to allow a pro se plaintiff an opportunity to amend his complaint to aver the necessary legal elements of a potentially viable claim, in this case the court does not have that option: the futility of any viable cause of action, based on these allegations, is complete under the jurisdiction-stripping effect of 18 U.S.C. § 3625. No habeas action can lie here because "[t]o find that prisoners can bring habeas petitions ... to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." Reeb, 636 F.3d at 1227. Nor can plaintiff assert any civil rights claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), because under the BOP's virtually unlimited authority to control prisoner classifications and housing assignments, an inmate "has no legitimate statutory or constitutional entitlement sufficient to invoke due process" and thereby contest "prisoner classification ... in the federal system." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). See also Miller, 703 F. Supp. 2d at 16 (stating "it is settled law that a prisoner does not have a liberty interest in his place of confinement or custody classification that can be redressed by the due process clause of the constitution"); Medina-Alvarez v. United States, No. CV 13-0783 ODW (JC), 2013 WL 799620 at *2 (C.D. Cal. March 4, 2013) (stating that "[t]he exemption of the BOP's individualized housing determinations from judicial review is consistent with the recognition that inmates do not have a due process liberty interest in their placement and classification while incarcerated").

ECF No. 10 at 4-5. Judgment was entered accordingly. (ECF No. 11.)

Now pending is plaintiff's motion to alter or amend the judgment, wherein he seeks leave to amend his complaint to state a claim under the Privacy Act, 5 U.S.C. § 552a(e)(5) and (g)(1)(C), and to bring a Bivens[2] action pursuant to 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 60(b) sets forth the standard by which this court may reconsider its order of final judgment:

////

---

[2] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); accord Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951; accord Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117. While "'prejudice to the opposing party carries the greatest weight,'" Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117 (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)), leave to amend "is properly denied … if amendment would be futile," Carrico v. City and Cnty. of San

////

1  Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing Gordon v. City of Oakland, 627 F.3d

2  1092, 1094 (9th Cir. 2010)).

3      Plaintiff was previously informed that he may not maintain a Bivens action on his claim

4  that his classification score is erroneous. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). See also

5  Miller v. Federal Bureau of Prisons, 703 F. Supp. 2d 8, 16 (D.D.C. 2010) (stating "it is settled law

6  that a prisoner does not have a liberty interest in his place of confinement or custody

7  classification that can be redressed by the due process clause of the constitution"); Medina-

8  Alvarez v. United States, No. 13-cv-0783 ODW (JC), 2013 WL 799620, at *2 (C.D. Cal. March

9  4, 2013) (stating that "[t]he exemption of the BOP's individualized housing determinations from

10  judicial review is consistent with the recognition that inmates do not have a due process liberty

11  interest in their placement and classification while incarcerated"). Plaintiff now seeks to state an

12  equal protection claim under Bivens that is predicated on the BOP's alleged failure to maintain

13  accurate records. The court is unpersuaded by plaintiff's rephrasing of this claim since the

14  gravamen is, again, that his classification score is erroneous. Nor does this rephrasing state an

15  equal protection claim since plaintiff asserts no facts that would suggest that any inaccurate

16  record-keeping was based on plaintiff's membership in a protected class or that similarly situated

17  individuals were treated differently without a rational relationship to a legitimate state purpose.

18  Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); North Pacifica LLC

19  v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). Plaintiff's motion to alter judgment and to

20  amend his complaint on this ground will therefore be denied as futile. Carrico, 656 F.3d at 1008.

21      Plaintiff also seeks to amend his complaint to state a claim under the Privacy Act, 5

22  U.S.C. § 552a(e)(5), which directs an agency to "maintain all records which are used by the

23  agency in making any determination about any individual with such accuracy, relevance,

24  timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the

25  determination." Plaintiff cannot, however, state a cognizable claim under the Privacy Act based

26  on the contents of his Inmate Central File because such claims have been exempted by the BOP

27  from the Privacy Act provisions. See 5 U.S.C. § 552a(j)(2); Jennings v. Federal Bureau of

28  Prisons, 657 F. Supp. 2d 65, 72 (D.C.C. Sept. 25, 2009) ("[U]nder 5 U.S.C. § 552a(j)(2), the

BOP's Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act."); see also Speight v. Fed. Bureau of Prisons, 2008 WL 3411660, at *2 (D.D.C. Aug. 11, 2008) ("[T]he Privacy Act's provision for civil action is not available for matters arising from records in [the BOP's] Inmate Central Records system, and [plaintiff] has no right of action with respect to those records."); Clow v. Fed. Bureau of Prisons, 2008 WL 2705193, at *2 (D.D.C. July 9, 2008) (determining that "plaintiff cannot, as a matter of law, seek amendment of the [PSI and custody classification form] based on the BOP's alleged failure to maintain accurate records" because these documents "are maintained in the Inmate Central Records System"); see also Marinez v. Fed. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (affirming dismissal of Privacy Act claims against the BOP because it had exempted the Inmate Central Records system from the accuracy provision of the Privacy Act, 5 U.S.C. § 552a(e)(5)).  Plaintiff's motion to amend to state a claim under the Privacy Act will therefore also be denied.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to alter or amend judgment (ECF No. 12) is denied.

DATED: July 11, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE